MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Johnson,<br><br>               Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>               Respondents. | No.  CV 15-02383-PHX-DGC (BSB)<br><br><br>**ORDER** |

      Petitioner Benjamin Johnson, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and has paid the filing fee.  The Court will dismiss the Petition without prejudice.

**I.     Background**

      In his first state court trial in Maricopa County Superior Court, case #CR 1994-010138, Petitioner was convicted of attempted murder (Count 1), two counts of aggravated assault of police officers (Counts 2 and 3), and six counts of aggravated assault of bystanders (Counts 4-9).  On appeal, the Arizona Court of Appeals reversed the convictions on Counts 1 and 4-9, and left intact the convictions on Counts 2 and 3.

      At his second trial, Petitioner was retried on the six aggravated assaults of the bystanders and was convicted of five of the six counts.  On appeal, the Arizona Court of Appeals reversed these convictions.

. . . .

In his third trial, Petitioner was retried on five of the six aggravated assaults of the bystanders and was convicted of all five counts. The Arizona Court of Appeals affirmed, and the Arizona Supreme Court denied review. Petitioner's state-court post-conviction claims were denied by the trial court, and the state court of appeals and state supreme court both denied review.

On November 24, 2008, Petitioner filed his first petition for a writ of habeas corpus regarding his convictions, *Johnson v. Bartos*, CV 08-02167-PHX-JWS. In a March 9, 2011 Order (Doc. 26 in CV 08-02167), the Court granted Petitioner habeas relief regarding his conviction on Count 3, denied relief on his second ground for relief, and dismissed with prejudice his third ground for relief. The Clerk of Court entered Judgment accordingly. (Doc. 27 in CV 08-02167). Petitioner filed a Notice of Appeal, but the Ninth Circuit Court of Appeals declined to issue a certificate of appealability. (Doc. 32 in CV 08-02167).

In his current Petition, Petitioner claims violations of the Fifth Amendment prohibition against double jeopardy regarding the convictions for aggravated assault of the bystanders.

**II.   Dismissal of the Petition**

Under 28 U.S.C. § 2244, a petitioner may not file a second or successive § 2254 petition in the district court unless the petitioner has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or subsequent § 2254 petition. A habeas petition is "'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The current petition is Petitioner's second petition for a writ of habeas corpus challenging these convictions, and asserts claims that could have been raised in his first petition.

Petitioner has not presented a certification from the Ninth Circuit authorizing the Court to consider a second or subsequent § 2254 petition. Accordingly, the current Petition and this action must be dismissed as a successive petition. The Court, however,

will dismiss the case without prejudice so that Petitioner can seek certification from the Ninth Circuit to file a second or successive § 2254 petition.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**, and the Clerk of Court must **enter judgment** accordingly.

(2) The Clerk of Court must provide Petitioner with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 2nd day of December, 2015.

*David G. Campbell*
David G. Campbell
United States District Judge

**Form 12.**        **Application for Leave to File Second or Successive Petition**
*(New, 7/1/02)*        **Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255**

**UNITED STATES COURT of APPEALS**
**for the NINTH CIRCUIT**
**95 Seventh Street**
**San Francisco, California 94103**

**Application for Leave to File Second or Successive Petition**
**Under 28 U.S.C. § 2254  or Motion Under 28 U.S.C.  § 2255**

Docket Number _____
                    (to be provided by court)
Petitioner's name _____

Prisoner registration number

Address _____

---

**Instructions - Read Carefully**

(1) This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury.  An original and five (5) copies must be provided to the Clerk of the Ninth Circuit.  The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

(2) All questions must be answered concisely.  Add separate sheets if necessary.

(3) The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

(4) The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

---

**You *Must* Answer the Following Questions:**

(1) What conviction(s) are you challenging?

_____

_____

(2)  In what court(s) were you convicted of these crime(s)?

_____

_____

(3)  What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

**For questions (4) through (9), provide information separately for each of your previous §§ 2254 or 2255 proceedings.  Use additional pages if necessary.**

(4)  With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?
Yes G        No G

(a) In which federal district court did you file a petition or motion?

_____

(b) What was the docket number? _____

(c) On what date did you file the petition/motion? _____

(5)  What grounds were raised in your previous habeas proceeding?
(list all grounds and issues previously raised in that petition/ motion)

_____

_____

_____

(6)  Did the district court hold an evidentiary hearing? Yes G       No G

(7)  How did the district court rule on your petition/motion?

  ☐  District court **dismissed** petition/motion? If yes, on what grounds?
  _____

  ☐  District court **denied** petition/motion;

  ☐  District court **granted** relief;
     if yes, on what claims and what was the relief?
  _____

**(Attach copies of all reports and orders issued by the district court.)**

(8)  On what date did the district court decide your petition/motion?
  _____

(9)  Did you file an appeal from that disposition?  Yes ☐    No ☐

  (a) What was the docket number of your appeal? _____

  (b) How did the court of appeals decide your appeal?_____
  _____
  _____

(10) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief.  Summarize briefly the facts supporting each ground or issue.
  _____
  _____
  _____

(11) For each ground raised, was it raised in the state courts?  If so, what did the state courts rule and when?
  _____

(12) For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)
  _____
  _____

(13)   For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)
_____
_____

(14)   For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? (list each ground separately)
_____
_____
_____

(15)   For each ground/issue raised, does the newly discovered evidence establish your innocence? How?
_____
_____

(16)   For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?
_____
_____

(17)   Provide any other basis for your application not previously stated.
_____
_____
_____


**Date:** _____          **Signature:**_____

**Proof of Service on Respondent MUST be Attached.**